UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TRACY D.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00037-SEB-KMB |
| | ) | |
| LELAND C. DUDEK Acting Commissioner of Social Security Administration,[2] | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART PLAINTIFF'S PETITION FOR ATTORNEYS' FEES**

As the prevailing party in the above-captioned matter, Plaintiff Tracy D. ("Plaintiff") has moved for an award of $10,577.65 in attorneys' fees for 44.8 attorney hours and 1.1 paralegal hours, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 20, 27. Defendant Leland Dudek, Acting Commissioner of the Social Security Administration ("Commissioner"), objects, arguing that the hours billed are unreasonable and that the court ought to reduce the total award by eight attorney hours. For the reasons set forth below, Plaintiff's motion is **GRANTED in part**.

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Leland C. Dudek became the Acting Commissioner of Social Security on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit be reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

Plaintiff applied for disability benefits on June 15, 2021, but her application was thrice denied: initially, on reconsideration, and in a decision from an administrative law judge ("ALJ") on July 6, 2022. On March 13, 2023, following the Appeals Council's denial of Plaintiff's request for review, Plaintiff filed the instant action.

On January 17, 2024, the Magistrate Judge issued a Report and Recommendation (the "R&R"), recommending the matter be reversed and remanded for further proceedings, pursuant to 42 U.S.C. § 405(g). The Commissioner did not object to the R&R. Accordingly, we adopted the R&R, reversing and remanding the matter on February 2, 2024. Plaintiff now seeks $10,577.65 in attorneys' fees, pursuant to the EAJA. Dkt. 20.

## LEGAL STANDARD

Under the EAJA, a party prevailing against the United States in a civil action is entitled to an award of fees and other costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Accordingly, district courts will award attorneys' fees where (1) the claimant is a "prevailing party"; (2) the United States's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is timely submitted within thirty days of final judgment and is supported by an itemized statement. *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004). The prevailing party also bears the burden of proving that the hours requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

District courts may, through operation of certain statutory and judicially created exceptions, deny or limit fee awards. *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1091 n.5 (E.D. Wis. 2003). As referenced above, a court may decline to award fees where the United States shows that "special circumstances" render the award "unjust." 28 U.S.C. § 2412(d)(1)(A). Additionally, "[t]he court [may], in its discretion, reduce the amount to be awarded . . . to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). Lastly, the Supreme Court has instructed courts to exclude from the fee calculation hours that were unreasonably expended. *Hensley*, 461 U.S. at 433–36.

## DISCUSSION

The Commissioner here does not dispute that Plaintiff is the prevailing party; that the fee application was timely; that its position was substantially justified; nor that special circumstances render an award unjust. Rather, the Commissioner argues that Plaintiff has not shown that the total requested attorney hours are reasonable in light of Plaintiff's counsel's extensive experience in Social Security litigation as well as Plaintiff's counsel's (apparent) reuse of portions of her prior briefs. The Commissioner also argues that Plaintiff is not entitled to attorneys' fees for the hours spent preparing the EAJA petition because Plaintiff's counsel did not attempt to settle the matter before filing with the Court. We address these arguments below.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560

3

U.S. 586, 602 (2010) (Sotomayor, J., concurring). As the fee applicant, Plaintiff bears the burden of establishing that the requested award is reasonable. *Hensley*, 461 U.S. at 434. Accordingly, Plaintiff has submitted a time log showing that her counsel billed 43.6 attorney hours (at $232.99/hour) and 1.1 paralegal hours (at $127.00/hour) in connection with representation in this court. Dkt. 21 at 6. For the 1.2 attorney hours her counsel spent drafting a reply brief to the Commissioner's response, dkt. 27, Plaintiff requests an additional $279.59 in fees. The sum of Plaintiff's request is, therefore, $10,577.65 for 45.9 hours. Dkt. 27.

The statutory rate for attorneys' fees under the EAJA is $125.00 per hour, 28 U.S.C. § 2412(d)(2)(A), but Plaintiff appropriately adjusted the statutory rate (originally set in 1996) for inflation by using the Consumer Price Index ("CPI") for the 2023 Midwest urban market. *Sprinkle v. Colvin*, 777 F.3d 421, 427–28 (7th Cir. 2015) (advising courts to rely on inflation adjusted rates according to the CPI, using date on which legal services were rendered). Although Plaintiff herself does not "produce [further] evidence that the rate [she] requests is in line with those prevailing in the community for similar services," *id.* at 428, we have little trouble finding that the requested attorney rate of $232.99/hour is commensurate with the prevailing market rate in this district for comparable legal services. *See Ryan M. v. O'Malley*, No. 1:24-cv-00273-MJD-JRS, 2024 WL 5245588, at *2 (S.D. Ind. Oct. 21, 2024) (awarding attorney rate of $252.14/hour); *Annette O. v. O'Malley*, No. 1:23-cv-00301-MJD-TWP, 2024 WL 473728, at *2 (S.D. Ind. Feb. 6, 2024) (awarding attorney rate of $221.25/hour); *Jerry K. v. Kijakazi*, No. 1:22-cv-02255-MJD-SEB, 2024 WL 83480, at *2 (S.D. Ind. Jan. 8, 2024) (awarding attorney rate of $240.00/hour).

Plaintiff also requests that we award paralegal hours at an inflation-adjusted rate of $127.00/hour. An inflation-adjusted rate should be calculated "using the date on which the legal services were performed." *Sprinkle*, 777 F.3d at 428. Here, the paralegal services were performed throughout 2023, dkt. 20-2 at 1–2, but, according to Plaintiff's supporting documentation, the paralegal rate of $127.00/hour reflects an adjustment for 2024, dkt. 20-3 at 3. This discrepancy notwithstanding, Plaintiff has also failed to demonstrate that the adjusted rate she seeks correlates with the prevailing market rate. "[T]o avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community . . . ." *Sprinkle*, 777 F.3d at 429. Courts in this district have most recently found that a $100.00 hourly rate is reasonable for paralegal hours. *Ryan M.*, 2024 WL 5245588, at *2; *Jerry K.*, 2024 WL 83480, at *2. Because Plaintiff here provides no persuasive basis on which to deviate from the well-accepted $100.00 hourly rate for paralegals,[3] we adjust the total fee award accordingly and permit Plaintiff to recover $110.00 for the 1.1 paralegal hours ($100.00 x 1.1).

Plaintiff seeks an award for 44.8 attorney hours, 24.8 hours of which went toward preparing Plaintiff's 33-page opening brief and 11.2 hours of which went toward Plaintiff's 18-page reply brief. She maintains that the total number of hours expended in this litigation was reasonable given the favorable result obtained by her counsel, the length of the administrative record, the complexity of the legal issues, and the fact that Plaintiff's counsel

---

[3] While Plaintiff's counsel apparently recognizes that an attorney's affidavit "testifying to the prevailing market right in the community may suffice" to justify an enhanced rate, dkt. 21 at 7 n.1 (quoting *Sprinkle*, 777 F.3d at 423, 428–29), she chose not to provide such supporting evidence here.

did not represent Plaintiff at the administrative level. Dkt. 21 at 8–9. Plaintiff also contends that the total hours requested are commensurate with this Court's previous finding that 45 hours on an opening brief and 25 hours on a reply brief are reasonable. *Id.* at 8 (citing *Buis v. Colvin*, No. 1:13-cv-878-RLY-MJD, 2015 WL 6393937, at *7–8 (S.D. Ind. Oct. 22, 2015)).

Courts in our Circuit recognize that the "permissible range" for total hours billed in a Social Security case is, "generally speaking, 40 to 60 hours." *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases); *accord Rosella T.*, No. 3:22-cv-00120-RLY-MPB, dkt. 23 (S.D. Ind. Apr. 7, 2023) (awarding undersigned counsel for 44.1 hours with an almost 1,000-page administrative record); *Joseph S. v. Kijakazi*, No. 2:21-cv-00470-JPH-MJD, dkt. 22 (S.D. Ind. Apr. 10, 2023) (awarding undersigned counsel for 54.1 hours with 435-page record). Thus, an award for a total of 45.9 hours, as submitted by Plaintiff here, falls comfortably within what our courts regard as reasonable.

Nevertheless, the Commissioner seeks an eight-hour reduction in attorney hours because Plaintiff's opening and reply briefs contain reused portions of Plaintiff's counsel's prior work product, namely with regard to her legal citations and quoted excerpts. Having compared the briefs submitted here with Plaintiff's counsel's submissions in three different proceedings before this Court, the Commissioner sets forth numerous examples of counsel's work product that appears (and reappears), sometimes verbatim, in her briefs. *See* dkt. 25 at 4–5 (the Commissioner's comparisons of various briefs) (citing *Elise P. v. Kijakazi*, 2:22-cv-261-JPH-MJD, dkt. 7 (S.D. Ind. Oct. 26, 2022) (opening brief); *Ralph L.*

*v. Kijakazi*, 2:23-cv-349-MKK-JMS, dkt. 12 (S.D. Ind. Nov. 9, 2023) (opening brief); *James W. P.*, 1:22-cv-1591-MMK-JMS, dkt. 20 (S.D. Ind. Mar. 27, 2023) (reply brief)). Despite the overlapping content, the Commissioner argues, Plaintiff's attorneys' "hours do not reflect the efficiencies found in such a process." Dkt. 25 at 8.

While the briefs identified by the Commissioner certainly do reveal similarities across Plaintiff's counsel's various filings, we disagree that reusing materials necessarily renders the hours expended in this case unreasonable. To the contrary, the fact that the 45.9 hour-total falls on the lower end of the 40 to 60 hour-range typical for Social Security appeals in this district supports a conclusion that Plaintiff's counsel's hours in this case were, in fact, reasonable. Insofar as Plaintiff's counsel benefited from her previous research and accumulated expertise, Plaintiff asserts, "the crux of this case was not based on any one specific case that was researched for the first time; it was based on the[ ] specific facts and" the correct application of the law to those facts. Dkt. 27 at 7. In light of those efforts, we ultimately agree that Plaintiff's fee request for 45.9 attorney hours is fair and reasonable.

We are likewise not persuaded by the Commissioner's argument that Plaintiff's counsel's extensive experience in Social Security litigation warrants reduction of the fee award, as each case inevitably presents unique factual circumstances "that require[ ] new research and investigation, which is often time consuming." *Sherrie B. v. Colvin*, No. 2:15-cv-111-JEM, 2017 WL 192334, at *2 (N.D. Ind. Jan. 18, 2017). Because Plaintiff's counsel did not represent Plaintiff during the administrative proceedings, a portion of that time-consuming investigation included Plaintiff's counsel's review of the 755-page record in order to present a cogent (and ultimately prevailing) argument. In light of the length of the

underlying administrative record as well as the successful outcome achieved by Plaintiff's counsel's advocacy, we are satisfied that Plaintiff's request for an award of fees based on the hours expended on the opening and reply briefs is reasonable.

The Commissioner also seeks a 1.3-hour reduction for the attorney time spent drafting the EAJA petition because "Plaintiff's counsel . . . did not contact Defendant's counsel prior to filing the EAJA motion, brief, and corresponding documents in an attempt to settle the fees." Dkt. 25 at 9. As Plaintiff emphasizes, however, Plaintiff's counsel was under no obligation—either by virtue of a federal statute, our Local Rules, or court order— to confer with the Commissioner prior to filing her EAJA petition. *Contra Procedures in Social Security Disability Appeals in the United States District Court for the Eastern District of Wisconsin*, at 1, https://www.wied.uscourts.gov/sites/wied/files/documents/ forms/Social%20Security%20Procedures%20%28Revised%20October%202024%29.pdf (last visited February 28, 2025) (encouraging parties to resolve EAJA petitions informally before filing a motion with the court). Accordingly, although it might have been the better practice, Plaintiff's counsel's failure to meet and confer with the Commissioner's counsel prior to filing the EAJA petition does not render the 1.3-hour request unreasonable.

Plaintiff requests an additional 1.2 attorney hours for the time spent preparing a reply brief to the Commissioner's objections. Dkt. 27. The Commissioner does not specifically object to these additional hours; however, in reviewing Plaintiff's reply brief *sua sponte*, we find that the expenditure of an additional 1.2 hours was not reasonable because a portion of her reply was devoted to an issue that the Commissioner never raised: that is, whether is it reasonable for more than one attorney to work on a matter. Dkt. 27 at

8

10–11. To account for time not reasonably expended on arguments actually raised by the Commissioner, we reduce the value of Plaintiff's additional request by 0.2 hours and award Plaintiff $232.99 (1.0 hour x $232.99) for the time spent on the reply brief.

## CONCLUSION

For the foregoing reasons, Plaintiff's EAJA Petition, dkt. 20, is **GRANTED in part**. Plaintiff is awarded attorneys' fees and expenses in the amount of **$10,501.35**, in full satisfaction of any and all claims for attorneys' fees, expenses, and costs that may be payable in this matter under the Equal Access to Justice Act, 28 U.S.C. § 2412.

Any fees paid can be offset to satisfy any pre-existing debt that Tracy D. owes to the United States. *Astrue*, 560 U.S. at 586. If the Commissioner verifies that Tracy D. does not owe a pre-existing debt to the government subject to the offset, the Commissioner will direct that the award be made payable to Tracy D.'s counsel, The de la Torre Law Office LLC, pursuant to the EAJA assignment duly signed by Tracy D. and counsel. Dkt. 20-1.

IT IS SO ORDERED.

Date:

       3/3/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lu Han
Social Security Administration
lu.han@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Adriana Maria de la Torre
Tower Law Group
adriana@towerlawgroup.com